IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DONALD A. BARNHART,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-00764-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Now before the court is Defendant Smith's Food & Drug Centers, Inc.'s Motion for Summary Judgment on Plaintiff Donald A. Barnhart's claims.[1] For the following reasons, the court GRANTS the Motion.

### FACTUAL BACKGROUND[2]

*Plaintiff's Employment and Disciplinary Record*

Between 2014 and February 2020, Barnhart worked as a deli clerk at a supermarket owned by Defendant.[3] As a deli clerk, Defendant expected Barnhart to:

> [c]reate an outstanding customer experience through exceptional service[;] [e]stablish and maintain a safe and clean environment that encourages customers to return[;] [a]ssist the department manager in reaching sales and profit goals established for the department, . . . [;] monitor all established quality assurance standards; [e]mbrace the Customer 1st strategy and encourage associates to deliver excellent customer service[;] [and] [d]emonstrate the company's

---

[1] *See* ECF 24, *Defendant Smith's Food & Drug Centers, Inc.'s Motion for Summary Judgment*.

[2] The following facts are material and not genuinely in dispute. They are drawn from the parties' summary judgment briefing and attached exhibits. *See* Fed. R. Civ. P. 56(c). Because this Order resolves a motion for summary judgment, the court considers the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).

[3] ECF 24-1, *Defendant Smith's Food & Drug Centers, Inc.'s Appendix of Evidence for its Motion for Summary Judgment* at 7–8.

1

core values of respect, honesty, integrity, diversity, inclusion and safety of others.[4]

From 2014 to September 2019, Defendant issued Barnhart eleven documented disciplinary warnings related to his failure to perform these duties.[5] In the latest of these warnings, issued September 7, 2019, Defendant cited Barnhart for creating a hostile work environment, swearing in front of customers, swearing at his coworkers, disrespecting management, intimidating fellow employees, acting unprofessional, providing poor customer service, and failing to complete required tasks.[6] Barnhart signed the September 2019 warning, affirming that he "acknowledge[d] these points" and would make "an effort . . . to improve the matter."[7]

Notably, each of these warnings was just that—a warning. None resulted in any change in pay or benefits, schedule or job duties, or any other terms or conditions of Barnhart's employment.[8]

*2019 Discrimination Charge*

On November 4, 2019, Barnhart filed a Charge of Discrimination (the 2019 Charge) with the Antidiscrimination and Labor Division of the Utah Labor Commission (UALD) and the Equal Employment Opportunity Commission (EEOC).[9] On the form initiating the 2019 Charge, Barnhart checked two boxes indicating Defendant discriminated against him based on his "Age" and "Sex," and described the discrimination as follows:

> I have constantly been given a heavier workload compared to other

---

[4] *Id.* at 29; *see also id.* at 14, 30.

[5] *Id.* at 33–42, 49, 51, 53, 57–58.

[6] *Id.* at 53.

[7] *Id.*

[8] *Id.* at 17–18.

[9] *Id.* at 55.

> employees who are not of my protected class. Younger employees are treated more favorably. Due to my experience, I am frequently asked to perform more tasks than the younger employees. I am often burdened with completing the tasks of a manager without being compensated in like manner. On June 16, 2019, I was talking to a female coworker, one of the managers summoned me to the office and rudely told me to stop talking to the female employee. On July 4, 2019, a younger employee came into work drunk, which translated into me having to work harder. This was another example in which a younger employee was shown preferential treatment. I believe that I have been subjected to harassment and discrimination, with the determining factors being my age and sex.[10]

Barnhart did not check a box indicating he suffered discrimination based on "Retaliation," and did not otherwise allege Defendant retaliated against him.[11]

### *Barnhart's Final Disciplinary Warning*

On December 18, 2019, Barnhart wrote "Motherfucker (I'm mean like that)" on a package of deli meat and left it in the store cooler.[12] In connection with this incident, Defendant issued Barnhart his twelfth and final disciplinary warning.[13] The warning stated that Barnhart was "continu[ing] to behave in an unprofessional manner," including "being verbally abusive to his fellow employees along with bullying, threatening physical harm[,] and insubordination towards his supervisor."[14] The warning also informed Barnhart he was suspended for three days and any future problems would result in his termination.[15]

### *Barnhart's Termination*

In February 2020, several months after Barnhart returned to work on final-warning status,

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at 57–58.

[13] *Id.*; *see also id.* at 18–19.

[14] *Id.* at 57.

[15] *Id.*

Barnhart received several customer complaints about a chicken product the deli was selling.[16] Because Barnhart believed "the product was not of a quality to be sold," he began telling customers not to order the product.[17]

Someone brought this behavior to Defendant's attention, and on February 25, 2020, Kevin Marquardson, Defendant's Asset Protection Manager, held a meeting with Barnhart to discuss the matter.[18] David Beck, Defendant's Asset Protection Specialist, also attended the meeting.[19] After Marquardson and Barnhart discussed the chicken incident and other concerns about Barnhart's conduct, Marquardson terminated Barnhart's employment.[20]

*2020 Retaliation Charge*

On May 6, 2020, Barnhart filed another Charge of Discrimination (the 2020 Charge) with the UALD and EEOC, alleging Defendant terminated him "in retaliation for having filed the original case for harassment and discrimination [the 2019 Charge]."[21] Barnhart did not check the boxes for "Age" and "Sex" discrimination and the 2020 Charge did not otherwise include any allegations suggesting Barnhart believed his termination constituted age or sex discrimination.[22]

Beyond the "factual filing of the [2019 Charge] itself," however, Barnhart admits he has "no evidence" Defendant terminated him for retaliatory reasons.[23] For example, he admits he

---

[16] *Id.*

[17] *Id.* at 19, 60–61.

[18] *Id.*

[19] *Id.*

[20] *Id.* at 19–20, 64.

[21] *Id.* at 67.

[22] *Id.*

[23] *Id.* at 21 ("Q. So if he had barely even met you, what's your basis for believing that he was retaliating against you for a charge you had filed two years previously? A. The factual filing of the claim itself. Q. Okay. But my question is do you have any other evidence beyond that? I mean, I understand that that fact exists. But do you have any other evidence that Kevin made this decision to terminate you because of that, because of your charge? A. I have no evidence, no.").

has no evidence Marquardson was aware of the 2019 Charge at the time of their meeting.[24]

## PROCEDURAL BACKGROUND

The EEOC issued Barnhart right-to-sue letters concerning the 2019 Charge and the 2020 Charge on October 21, 2021,[25] and Barnhart initiated the present action on December 29, 2021.[26] On March 22, 2022, Barnhart filed an Amended Complaint alleging two causes of action related to his former employment: (1) age and sex discrimination and (2) retaliation.[27]

Defendant filed the present Motion for Summary Judgment on December 22, 2023.[28] Subject to Federal Rule of Civil Procedure 56, Defendant asks the court to grant summary judgment in its favor on both of Barnhart's causes of action.[29] The Motion is fully briefed[30] and ripe for review.[31]

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[32] A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine "if

---

[24] *Id.* ("Q. Do you know if Kevin was aware of your charge? A. I do not know. Q. Do you know if David was aware of your charge? A. I do not know.").

[25] ECF 2-1, *Exhibit: Charge of Discrimination* at 14, 29.

[26] *See* ECF 4, *Complaint*.

[27] ECF 7, *First Amended Complaint* at 4–9.

[28] *See* ECF 24.

[29] *Id.* at 10–11.

[30] *See* ECF 27, *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*; ECF 30, *Defendant Smith's Food & Drug Centers, Inc.'s Reply Memorandum in Support of Motion for Summary Judgment*.

[31] Having reviewed the parties' briefing, the court determines oral argument is unnecessary and decides the Motion on the papers. *See Bishop v. United States*, No. 2:22-cv-00340-DBB-DBP, 2023 WL 2164269 at *2, (D. Utah Feb. 22, 2023) ("Under the local rules, oral argument is permissive."); *see also* DUCivR 7-1(g) ("The court may set any motion for oral argument.").

[32] Fed. R. Civ. P. 56(a).

the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[33] In applying these standards, the court views the evidence and draws inferences in the light most favorable to the nonmoving party.[34]

The moving party bears "both the initial burden of production . . . and the burden of establishing that summary judgment is appropriate as a matter of law."[35] To meet this burden, however, the moving party "need only point to an absence of evidence to support the non-movant's claim."[36] If the moving party satisfies this initial burden, the nonmoving party must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."[37] In doing so, the nonmoving party must produce evidence—borne out "by reference to affidavits, deposition transcripts, or specific exhibits"[38]—that is "based on more than mere speculation, conjecture, or surmise."[39]

## ANALYSIS

Barnhart's Complaint alleges two causes of action under the Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964: (1) age and sex discrimination and (2) retaliation.[40] The court considers the causes of action in turn and concludes Defendant is entitled to summary judgment on both.

---

[33] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[34] *Nahno-Lopez*, 625 F.3d at 1283.

[35] *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (internal quotation marks and citations omitted).

[36] *Id.*

[37] *Id.*

[38] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

[39] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[40] ECF 7 ¶ 1; *see also* 29 U.S.C. §§ 623(a), 623(d); 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

**I.  Defendant is Entitled to Summary Judgment on Barnhart's First Cause of Action for Age and Sex Discrimination.**

"When a plaintiff asserts a sex or age discrimination claim but cannot produce any direct evidence of discrimination . . . the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 . . . (1972), applies.  Under this framework, a plaintiff must first establish a prima facie case of discrimination by showing (1) membership in a protected class and (2) an adverse employment action (3) that took place under circumstances giving rise to an inference of discrimination."[41]  With respect to the second element, an employment action is "adverse" only where the action "result[s] in an adverse effect on the terms, conditions, or benefits of employment, such as hiring, discharge, and setting compensation."[42]  "If a plaintiff can establish a prima facie case [of discrimination], the burden shifts to the employer to assert a legitimate nondiscriminatory reason for its actions.  If it can do so, the burden shifts back to the plaintiff to introduce evidence that the stated nondiscriminatory reason is merely a pretext for discriminatory intent."[43]

An employer may raise a plaintiff's failure to exhaust administrative remedies available to them in relation to a discrimination claim as an affirmative defense.[44]  In practice, this means a plaintiff may not sue on a discrimination claim until they submit a charge of discrimination to the

---

[41] *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 627 (10th Cir. 2012).

[42] *Valdez v. Tyco Integrated Sec. LLC*, No. 2:16-cv-00016-DN, 2019 WL 267469, at *7 (D. Utah Jan. 18, 2019) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006)); *see also Hiatt v. Colorado Seminary*, 585 F.3d 1307, 1316 (10th Cir. 2017); *Muldrow v. City of St. Louis, Mo.*, 144 S.Ct. 967, 974 (2024) ("To make out a Title VII discrimination claim, [an employee] must show some harm respecting an identifiable term or condition of employment.").

[43] *Daniels*, 701 F.33d at 627.

[44] *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (quoting *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185–86 (10th Cir. 2018) ("[T]he current state of the law in the Tenth Circuit is that 'a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim.'").

EEOC and the EEOC issues them a notice of right to sue letter.[45] Subsequently, they may only raise claims in court that are within "the scope of the administrative investigation that [could] reasonably be expected to follow the charge of discrimination submitted to the EEOC."[46] "While [the court] liberally construe[s] the plaintiff's allegations in the EEOC charge, the charge must contain facts concerning the discriminatory . . . actions underlying each claim."[47]

Barnhart alleges Defendant subjected him to age and sex discrimination seven specific ways: (1) assigning "him a heavier workload than other coworkers not of his sex or age," (2) asking him "to perform more tasks and more difficult tasks than his coworkers who were female and younger," (3) "burden[ing] [him] with completing the tasks of a manager," (4) directing him to stop speaking with a female employee because he was disrupting her work, (5) issuing him the September 7, 2019 warning, (6) issuing him the December 18, 2019 warning, and (7) in February 2020, terminating his employment.[48]

With respect to Barnhart's first through fifth discrimination allegations, Barnhart fails to establish the second element of a prima facie case of discrimination. As Defendant argues, and Barnhart concedes, Defendant's actions did not constitute adverse employment actions because they did not alter any term or condition of his employment.[49]

---

[45] *Id.*

[46] *Id.* (internal quotation marks, citations, and alterations omitted).

[47] *Id.* at 1165.

[48] ECF 7 ¶¶ 21–22. Barnhart's Complaint also alleges Defendant subjected him to discrimination by issuing him disciplinary warnings on August 12, 2018 and August 16, 2018. *Id.* However, a plaintiff alleging an employer committed an unlawful act,"[i]n a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice[,]" must file a charge of discrimination within 300 days of the allegedly unlawful act. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10 (2002). The date 300 days prior to the earlier of Barnhart's two charges—the November 4, 2019 Charge—was January 8, 2019. Consequently, the August 2018 warnings occurred outside the 300-day window encompassed by either the 2019 Charge or 2020 Charge.

[49] With respect to several of Barnhart's pre-termination discrimination allegations, Defendant also argues Barnhart fails on the third element of a prima facie case—circumstances giving rise to an inference of discrimination. *See* ECF 24 at 13–18. The court does not reach this issue because it concludes Barnhart's allegations each fail at the second element.

With respect to Barnhart's sixth discrimination allegation (Barnhart's December 2019 warning) and seventh discrimination allegation (Barnhart's termination), Barnhart fails to demonstrate he exhausted administrative remedies as required by law.[50] Two discrimination charges are relevant to Barnhart's Complaint—the November 4, 2019 Charge, in which Barnhart alleged Defendant discriminated against him by engaging in acts of age and sex discrimination, and the May 6, 2020 Charge, in which Barnhart alleged Defendant terminated him in retaliation for filing the 2019 Charge. The November 4, 2019 Charge predates both Barnhart's December 2019 warning and his February 2020 termination. Thus, the scope of the administrative investigation that followed the 2019 Charge could not reasonably encompass either Barnhart's December 2019 warning or his termination.[51] The May 6, 2020 Charge post-dates Barnhart's December 2019 warning and termination. However, the 2020 Charge does not contain any allegations of age or sex discrimination. The reasonable scope of an administrative investigation into the discrete allegation Defendant terminated Barnhart in retaliation for filing the 2019 Charge would not encompass separate allegations of age and sex discrimination.[52]

Even disregarding this issue, Barnhart's sixth and seventh discrimination allegations do not support a discrimination claim. Assuming the December 2019 warning supports a prima facie case of discrimination, Defendant had a legitimate nondiscriminatory reason for issuing the December 2019 warning. After years of warning Barnhart about his unprofessional and hostile

---

[50] *Id.* at 18, 20–22.

[51] *See, e.g.*, *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) ("[A]ny adverse employment actions occurring after [plaintiff] submitted his administrative charge . . . would not fall within the scope of his charge."), *overruled on other grounds by Lincoln.*, 900 F.3d at 1166.

[52] *See, e.g.*, *Smith*, 904 F.3d at 1165–67 (explaining that an employee's claim she was terminated in retaliation for filing an EEOC charge was not within the reasonable scope of the investigation that would follow a second EEOC charge alleging (1) another employee intimidated and harassed her on the basis of her age and race and (2) she was fired for complaining about this intimidation and harassment to her employer).

conduct, Barnhart left a threatening and explicit message on a package of deli meat.[53] And Barnhart's bare contention this action was "appropriate" does not evidence the warning was mere pretext for discriminatory intent.[54] Likewise, Defendant argues, and Barnhart concedes, that his termination does not support the third element of a prima facie case of discrimination—it did not occur under circumstances giving rise to an inference of discrimination.[55]

Accordingly, the court concludes there is no legal basis for Barnhart's claim of age and sex discrimination and Defendant is entitled to summary judgment on Barnhart's first cause of action.

## II. Defendant is Entitled to Summary Judgment on Barnhart's Second Cause of Action for Retaliation.

When a plaintiff asserts a retaliation claim but cannot produce any direct evidence of discrimination, the plaintiff must establish a prima facie case of retaliation by demonstrating they (1) engaged in a protected activity, (2) were subjected to an adverse employment action subsequent to or contemporaneous with the protected activity, and (3) there was a causal connection between the protected activity and the adverse action.[56] If a plaintiff can establish a prima facie case of retaliation, the burden shifts to the employer to provide a legitimate non-retaliatory reason for the adverse action.[57] And if it does so, the burden shifts back to the plaintiff to prove the employer's stated reason is mere pretext for retaliation.[58] Still, as with a

---

[53] *See id.* at 19–20.

[54] *See* ECF 27 at 21–22 ("[A]s to the December 2019 Warning, [Barnhart's] actions were appropriate, but his choice of words was not appropriate.").

[55] *Compare id.* at 23 *and* ECF 24 at 23–24. Defendant also argues Barnhart's termination fails as the basis of a discrimination claim because Defendant terminated Barnhart for legitimate non-discriminatory reasons and there is no evidence of pretext. Barnhart concedes this argument, but the court does not reach the issue since Barnhart's seventh allegation fails to demonstrate a prima facie case of discrimination.

[56] *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1265 (10th Cir. 2009).

[57] *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004).

[58] *Id.*

claim for discrimination, a plaintiff's failure to exhaust administrative remedies related to their claim limits their ability to raise the claim in court.[59]

Barnhart's second cause of action cites the seven allegations described in the preceding section as the various ways in which Defendant retaliated against him for filing the 2019 Charge.[60] With respect to each of Barnhart's first through sixth allegations (Defendant's pre-termination actions), however, Barnhart's Response concedes his retaliation claim fails on multiple grounds, including failure to exhaust administrative remedies and failure to state a prima facie case.[61]

Barnhart's seventh allegation—that Defendant terminated him in retaliation for filing the 2019 Charge termination—is not precluded by his failure to exhaust administrative remedies.[62] Nevertheless, the termination allegation does not support a prima facie case of retaliation.[63] In order to establish a prima facie case of retaliation with respect to his termination, Barnhart must show a causal connection between his filing of the 2019 Charge and his February 2020 termination. However, Barnhart has admitted he has no evidence of a causal connection between the two events beyond the "factual filing of the [2019 Charge] itself,"[64] and he has conceded the timespan between his filing of the 2019 Charge and his termination is not sufficient, "in and of itself," to support a causal connection.[65]

Barnhart's Response hypothesizes that another employee might have informed

---

[59] *Smith*, 904 F.3d at 1164.

[60] ECF 7 ¶¶ 29–31.

[61] *Compare* ECF 24 at 25–29 *and* ECF 27 at 23–24.

[62] ECF 24 at 29–30.

[63] *Id.*

[64] ECF 24-1 at 21.

[65] ECF 27 at 24–25.

11

Marquardson about the 2019 Charge prior to their meeting, thus enabling Marquardson to fire Barnhart in retaliation for the Charge under the guise of the chicken incident.[66] But Barnhart cites no evidence in support of this speculation and his reasoning conflicts with his sworn testimony that he does not know whether Marquardson was aware of the 2019 Charge at the time of his firing.[67] It also conflicts with Marquardson's sworn statement that he was unaware of the 2019 Charge during and prior to his meeting with Barnhart.[68]

Because Barnhart concedes all pre-termination retaliation claims and fails to demonstrate a prima facie case of termination-based retaliation,[69] the court concludes Defendant is entitled to summary judgment on Barnhart's second cause of action.

## CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's Motion for Summary Judgment[70] and directs the Clerk of Court to close the case.

DATED this 23rd day of May 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[66] *Id.* at 25.

[67] ECF 24-1 at 21.

[68] *See* ECF 30-1, *Supplemental Appendix* at 4–7.  In reply to the statement in Barnhart's Response that Marquardson might have known about the 2019 Charge at the time he terminated Barnhart, Defendant submitted a Supplemental Appendix of Evidence containing declarations by Marquardson and Beck, both affirming they had no existing knowledge of the 2019 Charge.  The Supplemental Appendix is permissible under DUCivR 56-1(d).

[69] Because Barnhart fails to establish a prima facie case of retaliation, the court need not consider the parties' arguments concerning whether Defendant can provide a legitimate non-retaliatory reason for Barnhart's termination. Nor need the court consider the parties' arguments concerning whether Defendant's stated reason is mere pretext for retaliation.

[70] ECF 24.